UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIVECAREER LTD,<br><br>    Plaintiff,<br><br>    v.<br><br>SU JIA TECHNOLOGIES LTD., DBA RESUMEGENIUS.COM, et al.,<br><br>    Defendants. | Case No. 14-cv-03336-JST<br><br>**ORDER GRANTING MOTION FOR EXTENSION OF TIME TO SERVE SU JIA TECHNOLOGIES LTD.**<br><br>Re: ECF No. 30 |

    Before the Court is an unopposed motion filed by Plaintiff LiveCareer Ltd. ("LiveCareer") seeking a 60-day extension of time to serve Defendant Su Jia Technologies Ltd. ("Su Jia Technologies"). ECF No. 30. For the reasons set forth below, the Court will GRANT Plaintiff's Motion. The hearing on this matter, currently scheduled for January 8, 2015, is hereby VACATED.

**I.    BACKGROUND**

    On July 23, 2014, LiveCareer filed a complaint against Resume Companion LLC ("Resume Companion") and Su Jia Technologies, "seeking injunctive relief, damages, and attorneys' fees based upon (i) copyright infringement under the copyright laws of the United States, 17 U.S.C. § 101 *et seq*. and (ii) federal unfair competition and false designation of origin under 15 U.S.C. § 1125(a)." ECF No. 1 ¶ 1. The 120-day time limit for service under Federal Rule of Civil Procedure 4(m) expired on November 20, 2014. ECF No. 30 at 2. LiveCareer timely completed service on Resume Companion, and states that it is in the process of serving Cyprus-based Su Jia Technologies. ECF No. 1 ¶ 4; ECF No. 14; ECF No. 30 at 1. In its motion, filed on November 18, 2014, LiveCareer requests a 60-day extension of time to serve Su Jia Technologies. ECF No. 30. LiveCareer states that it is "diligently attempting to complete service of process on Su Jia Technologies" pursuant to the procedures of the Hague Convention on the

Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"), and that it expects service to be completed by the end of the year. Id. at 1, 3.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 4(m):

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

See also Fed. R. Civ. P. 6(b)(1) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires . . ."); Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1259 (9th Cir. 2010) ("[R]equests for extensions of time made before the applicable deadline has passed should normally be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." (internal alterations omitted)). "Whether good cause exists is determined on a case by case basis." Zoosk, Inc. v. Dyle, No. 10-cv-04545-LB, 2011 WL 635279, at *2 (N.D. Cal. Feb. 11, 2011) (citing In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001)). A plaintiff may show good cause where it has "attempted to serve the defendants, was confused about the requirements for service of process, or was prevented from effecting service within the 120 day limit by factors beyond [its] control." Wei v. State of Hawaii, 763 F.2d 370, 372 (9th Cir. 1985) (citations omitted).

Service of process on a foreign corporation is governed by Federal Rule of Civil Procedure 4(h) which, in conjunction with Rule 4(f), provides for such a defendant to be served "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." See Fed. R. Civ. P. 4(f)(1), (h)(2).

## III. DISCUSSION

LiveCareer has shown good cause for an extension of time to serve Su Jia Technologies. LiveCareer has successfully served Resume Companion and has made reasonable efforts to serve

Su Jia Technologies pursuant to the procedures of the Hague Convention. ECF No. 30 at 3. There is no suggestion that LiveCareer has acted in bad faith, and LiveCareer expects service to be completed by the end of the year. Id. The Court is satisfied that, at this early stage in the litigation, the extension of time will not prejudice Su Jia Technologies. Any dismissal of the complaint for failure to timely effect service of process would, however, prejudice LiveCareer and would undermine the "general purpose" of the Federal Rules of Civil Procedure to "see[] that cases are tried on the merits." Ahanchian, 624 F.3d at 1258-59.

**IV. CONCLUSION**

For the foregoing reasons, LiveCareer's motion for a 60-day extension of time to serve Su Jia Technologies is GRANTED. The January 8, 2015 hearing on this matter is hereby VACATED.

**IT IS SO ORDERED.**

Dated: December 15, 2014

_____
JON S. TIGAR
United States District Judge