1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7
LIVECAREER, LTD,

Case No.  14-cv-03336-JST
Plaintiff,

8
**ORDER GRANTING MOTION FOR LIMITED JURISDICTIONAL DISCOVERY AND STAYING BRIEFING SCHEDULE FOR RESUME COMPANION'S PENDING MOTION TO DISMISS**

v.

9

10
SU JIA TECHNOLOGIES LTD., DBA RESUMEGENIUS.COM, et al.,

11
Defendants.

Re: ECF No. 20

12

13
Before the Court is a Motion for Limited Jurisdictional Discovery and to Stay Resume

14
Companion's Pending Motion to Dismiss filed by Plaintiff LiveCareer, Ltd. ("LiveCareer").  For

15
the reasons set forth below, the Court will GRANT the Motion.

16
**I.      BACKGROUND**

17
Plaintiff LiveCareer filed this action against Defendants Resume Companion LLC

18
("Resume Companion") and Su Jia Technologies Ltd., seeking "injunctive relief, damages, and

19
attorneys' fees based upon (i) copyright infringement under the copyright laws of the United

20
States, 17 U.S.C. § 101 *et seq.* and (ii) federal unfair competition and false designation of origin

21
under 15 U.S.C. § 1125(a)."  Am. Compl. ¶ 1, ECF No. 8.  LiveCareer alleges that Defendants

22
have copied significant portions of copyrighted text, as well as layout and design components,

23
from LiveCareer websites.  Id.  ¶¶ 19-21.

24
On October 22, 2014, Resume Companion filed a Motion to Dismiss for Lack of Personal

25
Jurisdiction or, in the Alternative, for Transfer of Venue on the Basis of *Forum Non Conveniens.*

26
ECF No. 18.  Six days later, Live Career filed the instant motion, asking the Court to grant limited

27
jurisdictional discovery and to stay briefing on Resume Companion's pending Motion to Dismiss

28
for a period of sixty days.  ECF No. 20.  Resume Companion opposes LiveCareer's Motion.  ECF

United States District Court
Northern District of California

United States District Court
Northern District of California

1    No. 28.

2    **II.     LEGAL STANDARD**

3          "A district court is vested with broad discretion to permit or deny [jurisdictional]

4    discovery." Laub v. U.S. Dep't of Interior, 342 F.3d 1080, 1093 (9th Cir. 2003).  The decision to

5    permit or deny jurisdictional discovery is reviewed for abuse of discretion.  Boschetto v. Hansing,

6    539 F.3d 1011, 1020 (9th Cir. 2008).  "[D]iscovery should be granted when . . . the jurisdictional

7    facts are contested or more facts are needed."  Laub, 342 F.3d at 1093.  In this district, courts have

8    held that "a plaintiff need not make out a prima facie case of personal jurisdiction before it can

9    obtain jurisdictional discovery."  Calix Networks, Inc. v. Wi-Lan, Inc., No. 09-cv-06038-CRB

10   (DMR), 2010 WL 3515759, at *4 (N.D. Cal. Sept. 8, 2010) (citing eMag Solutions, LLC v. Toda

11   Kogyo Corp., No. 02-cv-1611-PJH, 2006 WL 3783548, at *2 (N.D. Cal. Dec. 21, 2006) ("[i]t

12   would . . . be counterintuitive to require a plaintiff, *prior to* conducting discovery, to meet the

13   same burden that would be required to defeat a motion to dismiss")).  "Rather, a plaintiff must

14   present a 'colorable basis' for jurisdiction, or 'some evidence' constituting a lesser showing than a

15   prima facie case."  Id. (citing Google, Inc. v. Egger, No. 08-cv-03172-RMW, 2009 WL 1228485,

16   at *1 (N.D. Cal. Apr. 30, 2009); eMag Solutions, 2006 WL 3783548, at *2; Focht v. Sol Melia

17   S.A., No. 10-cv-0906-EMC, 2010 WL 3155826, at *2 (N.D. Cal. Aug. 9, 2010)).

18   **III.    DISCUSSION**

19          **A.     Jurisdictional Discovery**

20          LiveCareer contends that courts "routinely allow the sort of limited jurisdictional discovery

21   that Plaintiff seeks," and that this Court should afford LiveCareer the opportunity to develop

22   evidence in support of its arguments for both general and specific personal jurisdiction.  ECF No.

23   20 at 2-6.  Specifically, LiveCareer seeks additional evidence about the nature, frequency, and

24   scope of Resume Companion's contacts with California in order to respond to the assertions in the

25   Declaration of Howard Chai, filed in support of Resume Companion's Motion to Dismiss.  ECF

26   No. 20 at 3-4; see also ECF No. 18-1.  LiveCareer argues that such discovery is particularly

27   appropriate because development of a factual record will facilitate resolution of issues raised in the

28   Supreme Court's recent decisions in Daimler AG v. Bauman, 134 S. Ct. 746 (2014) and Walden v.

1    <u>Fiore</u>, 134 S. Ct. 1115 (2014).  ECF No. 20 at 2.

2         Resume Companion argues that LiveCareer should not be allowed jurisdictional discovery

3    because the allegations set forth in the complaint are general and fail to allege any specific

4    connection to this forum.  ECF No. 28 at 1-3.  In Resume Companion's view, LiveCareer has not

5    met its burden to establish a "colorable basis" for jurisdiction, and therefore should not be

6    permitted "to engage in an unfounded fishing expedition for jurisdictional facts."  <u>Id.</u> at 2 (citing

7    <u>Calix Networks</u>, 2010 WL 3515759, at *4; <u>Gear, Inc. v. L.A. Gear California, Inc.</u>, 637 F. Supp.

8    1323, 1328 (S.D.N.Y. 1986)).  Resume Companion states that LiveCareer's motion does not

9    identify any pertinent controverted facts or specific contacts with the forum.  ECF No. 28 at 3.

10        In its reply, LiveCareer responds by pointing to publicly available information suggesting

11   that Resume Companion has an office in San Francisco; that its co-founder and current Partner in

12   charge of Business Development resides and works in San Francisco; and that its website

13   contemplates California customers.  ECF No. 29 at 1-3.  This information appears to contradict

14   Mr. Chai's statement that Resume Companion does not and has not ever maintained an office in

15   California.  ECF No. 18-1 ¶ 3.

16        The Court concludes that LiveCareer has established that jurisdictional facts are

17   controverted and that there is a "colorable basis" for jurisdiction such that limited jurisdictional

18   discovery is appropriate in this case.  <u>See</u> <u>Laub</u>, 342 F.3d at 1093; <u>Calix Networks</u>, 2010 WL

19   3515759, at *4.  <u>See also</u> <u>Harris Rutsky & Co Ins. Services, Inc. v. Bell & Clements Ltd.</u>, 328

20   F.3d 1122, 1135 (9th Cir. 2003) (holding that the district court abused its discretion in denying a

21   motion for jurisdictional discovery and remanding where "[f]urther discovery . . . might well

22   demonstrate facts sufficient to constitute a basis for jurisdiction").

23        **B.      Scope of Discovery**

24        In its Motion, LiveCareer requests leave to: (1) serve requests for production of documents

25   on Resume Companion, seeking information about connections to and conduct directed toward

26   California; (2) serve ten or fewer interrogatories on Resume Companion, seeking information

27   about connections to and conduct directed toward California; and (3) take one Rule 30(b)(6)

28   deposition of Resume Companion, to ask about the contents of the declaration filed in support of

United States District Court
Northern District of California

3

1   Resume Companion's Motion to Dismiss as well as Resume Companion's connections to and

2   conduct directed toward California.  ECF No. 20 at 6. LiveCareer requests that a sixty-day period

3   be allowed for this discovery.  Id.

4       Resume Companion contends that if the Court does grant discovery, its scope should be

5   limited to: (1) documents from the past year; (2) no more than three jurisdictional document

6   demands; (3) no more than 2 hours for any deposition, which must take place in Taiwan; and (4)

7   for interrogatories, no more than five jurisdictional issues.  ECF No. 28 at 5.  On reply, LiveCareer

8   agrees to limit the number of document requests and interrogatories to ten each and its deposition

9   to five hours, but objects to Resume Companion's apparent refusal to provide a 30(b)(6) witness

10   anywhere outside of Taiwan.  ECF No. 29 at 4.

11       The Court will grant the discovery that LiveCareer requests in its reply brief.  The

12   statement in Resume Companion's brief that "the relevant witnesses reside in Taiwan, which is

13   where the deposition will need take place," ECF No. 5, is unsupported by any evidence and is at

14   least partially contradicted by  the evidence of California contacts recited above.  Also, Resume

15   Companion has not demonstrated that the discovery requested by LiveCareer would be unduly

16   burdensome.

17   **IV.    CONCLUSION**

18       For the foregoing reasons, LiveCareer's Motion for Limited Jurisdictional Discovery is

19   GRANTED.  Briefing on Resume Companion's Motion to Dismiss, ECF No. 18, is STAYED for

20   a period of sixty days following the date of this Order.  Responses are due two weeks after the

21   close of this discovery period.  Replies are due seven days later.  The hearing on the motion,

22   currently scheduled for January 29, 2015, is CONTINUED to March 26, 2015 at 2:00 p.m.

23       **IT IS SO ORDERED.**

24   Dated: December 15, 2014

25

26   _____

27   JON S. TIGAR
    United States District Judge

28

United States District Court
Northern District of California

4