UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LIVECAREER LTD,

    Plaintiff,

v.

SU JIA TECHNOLOGIES LTD., DBA RESUMEGENIUS.COM, et al.,

    Defendants.

Case No. 14-cv-03336-JST

**ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Re: ECF No. 64

Before the Court is Plaintiff LiveCareer, Ltd.'s Motion for Leave to File Second Amended Complaint. ECF No. 64. Defendants Resume Companion, LLC and RGO Resume Technologies, Ltd. oppose the motion. ECF No. 68. For the reasons set forth below, the Court will grant the motion.

## I.  BACKGROUND

On July 23, 2014, Plaintiff LiveCareer Ltd. ("LiveCareer") filed this action against Resume Companion LLC ("Resume Companion") and Su Jia Technologies Ltd., now known as RGO Resume Technologies Ltd. ("RGO"). ECF No. 1, ECF No. 46 at 1. LiveCareer owns and operates websites that assist users with resumes, cover letters, and career decisions. Am. Compl., ECF No. 8 ¶¶ 2, 9, 11. In its Amended Complaint, filed on July 30, 2014, LiveCareer alleges that Defendants copied copyrighted text, as well as the look and feel of LiveCareer websites, and seeks injunctive relief, damages, and attorneys' fees for (i) copyright infringement under 17 U.S.C. § 101 *et seq.*, and (ii) unfair competition and false designation of origin under 15 U.S.C. § 1125(a). Id. ¶¶ 1, 19-20.

LiveCareer states that after it filed the Amended Complaint, it discovered that Defendants had also copied the design of LiveCareer's online advertisements and embedded the copied advertisements on third party websites to direct traffic to Defendants' sites. ECF No. 64 at 3.

According to LiveCareer, it promptly notified Defendants of this discovery. Id.; see Declaration of Craig J. Mariam in Support of Defendants Resume Companion, LLC and RGO Resume Technologies, Ltd.'s Opposition to Motion for Leave to File Second-Amended Complaint ("Mariam Decl."), ECF No. 68-1, ¶ 2, Ex. A (discussing a telephonic conference held on October 14, 2014). Shortly thereafter, on October 22, 2014, Resume Companion moved to dismiss the action for lack of personal jurisdiction. ECF No. 18. RGO filed a second motion to dismiss for lack of personal jurisdiction on January 8, 2015. ECF No. 42. On March 31, 2015, the Court denied both motions to dismiss and issued a scheduling order setting a July 10, 2015, deadline for amending the pleadings. ECF Nos. 59, 60. On April 8, 2015, LiveCareer notified the Defendants that it would seek leave to amend the complaint, and on April 10, 2015, the parties stipulated to extend Defendants' time to respond. Mariam Decl. ¶ 4, Ex. B; ECF No. 62.

Plaintiff states that it has also recently identified a false online statement made by Defendants. ECF No. 64 at 4. LiveCareer filed the instant motion for leave to file a second amended complaint on May 7, 2015. ECF No. 64.

The Court has jurisdiction over this action pursuant to 28 U.S.C. sections 1331 and 1338.

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(2), a "court should freely give leave [to amend] when justice so requires." The Court considers four factors in deciding a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, and futility of amendment. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). Of the four factors, "the consideration of prejudice to the opposing party [] carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). The rule is "to be applied with extreme liberality." Id. at 1051 (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)). Generally, a court should determine whether to grant leave indulging "all inferences in favor of granting the motion." Griggs v. Pace Am. Grp., Inc., 170 F.3d 877, 880 (9th Cir. 1999). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [or] futility of

1  amendment, etc.'" Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty., 708 F.3d 1109, 1117

2  (9th Cir. 2013) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

## III. DISCUSSION

Plaintiffs seek leave to file a Second Amended Complaint ("SAC"), which includes its allegations concerning advertising images and the allegedly false statement made by Defendants online. SAC, ECF No. 64-1. The SAC does not add any new party or cause of action. Id. Defendants argue that Plaintiff should not be granted leave to file the SAC because Plaintiff unduly delayed in seeking leave to amend, and because the amendment is futile and sought in bad faith. See ECF No. 68.

### A. Prejudice

The Court notes at the outset that Defendants' opposition makes claims of bad faith, undue delay, and futility of amendment, but does not identify any prejudice Defendants will suffer if the motion is granted. See ECF No. 68. Prejudice is the factor that carries the most weight in the Court's analysis. Eminence Capital, 316 F.3d at 1052. Pursuant to the Court's scheduling order, the deadline to amend the pleadings in this case is July 10, 2015, and fact discovery closes on March 11, 2016. ECF No. 60. Furthermore, the parties discussed the allegations concerning advertising images in October 2014, before the motions to dismiss were filed. See Mariam Decl. Ex. A. In these circumstances, the Court finds that Defendants would not be prejudiced by the filing of the SAC.

### B. Undue Delay

Defendants contend that the motion should be denied because Plaintiff has offered no explanation for its delay in moving to amend. ECF No. 68 at 3-5. Defendants maintain that LiveCareer was aware of the alleged infringement of advertising images "since before the filing of this action." Id. at 1. Defendants offer no evidentiary support for the allegation that Plaintiffs were aware of this issue in July 2014, although they do provide evidence that the parties discussed the issue in October 2014. Mariam Decl. ¶ 2, Ex. A. Plaintiff explains that it waited seven months to file the motion because it "did not want to burden the Court given Defendants' pending motions to dismiss," an explanation that, in Defendants' view, "strains credulity." ECF No. 64 at

3

5; ECF No. 68 at 5.

Because the motion for leave to amend has been filed before the deadline to amend the pleadings, and Defendants have not yet responded to the Amended Complaint, the Court cannot find that Plaintiff has caused "undue delay" to the proceedings. Moreover, even if the Court were to find that the Plaintiff engaged in undue delay, "delay alone is not sufficient to justify the denial of a motion requesting leave to amend." DCD Programs, 833 F.2d at 187.

### C. Futility

Defendants also argue that the motion should be denied because the requested amendment would be futile. ECF No. 68 at 5. "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). "However, denial [of a motion for leave to amend] on this ground is rare and courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." Clarke v. Upton, 703 F. Supp. 2d 1037, 1043 (E.D. Cal. 2010) (citing Netbula, LLC v. Distinct Corp., 212 F.R.D. 534, 539 (N.D. Cal. 2003)).

Defendants contend that Plaintiff has not adequately alleged copyright infringement with respect to the advertising images. ECF No. 68 at 6. "To establish copyright infringement, a plaintiff must prove two elements: '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" L.A. Printex Indus., Inc. v. Aeropostale, Inc., 676 F.3d 841, 846 (9th Cir. 2012) (quoting Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991)). Defendants argue that because Plaintiff neither provides documentary evidence to support the claim that it has filed applications for registration of the advertising images with the United States Copyright Office nor identifies the registration number of the purported copyrights, Plaintiff has not properly alleged ownership of a valid copyright and its claims necessarily fail. Id. Moreover, Defendants contend, the advertising images are not original because they consist of "basic shapes, colors and words." Id. at 6-7. Finally, Defendants argue that Plaintiff fails to allege with sufficient particularity how Defendants copied these "generic" advertisements, which, they state, are "commonly used . . . in the industry." Id. at 7.

1    LiveCareer responds that the allegation that Plaintiff has filed complete applications for
2    registration of the advertising images, along with the requisite fees and deposit copies, is sufficient
3    to meet the pleading standard under the Federal Rules.  ECF No. 72 at 8; see Cosmetic Ideas, Inc.
4    v. IAC/InteractiveCorp., 606 F.3d 612 (9th Cir. 2010) (complaint filed before copyright
5    registration satisfied 17 U.S.C. section 411(a)).  LiveCareer also asserts that its work has sufficient
6    creativity to be protectable, arguing that "the creativity required for originality, and thus copyright
7    eligibility, is not a high bar."  ECF No. 72 at 9 (citing Feist, 499 U.S. at 345 ("[T]he requisite level
8    of creativity is extremely low; even a slight amount will suffice.")).

9    Defendants have not met their burden to show that "no set of facts can be proved under the
10   amendment to the pleadings that would constitute a valid claim."  See Miller, 845 F.2d at 214.
11   Defendants cite no cases in support of their cursory arguments that Plaintiff has not (1) adequately
12   alleged ownership of a valid copyright or (2) alleged how Defendants copied the advertising
13   images with sufficient particularity.  See ECF No. 68 at 6, 7.  Defendants' arguments concerning
14   whether the advertising images are sufficiently original to be protectable under copyright law are
15   better suited to a motion for summary judgment.  Indeed, both cases cited by Defendants in
16   support of their argument that basic shapes, colors, and words are not protected by copyright law
17   were decided at the summary judgment stage.  See Zhang v. Heineken N.V., No. 08-cv-6506-
18   GAF, 2010 WL 4457460 (C.D. Cal. May 12, 2010); Glasscraft Door I, L.P. v. Seybro Door &
19   Weathership Co., Inc., No. H-08-2667, 2009 WL 3460372 (S.D. Tex. Oct. 22, 2009).

20   "'The merits or facts of a controversy are not properly decided in a motion for leave to
21   amend and should instead be attacked by a motion to dismiss for failure to state a claim or for
22   summary judgment.'"  Allen v. Bayshore Mall, No. 12-cv-02368-JST, 2013 WL 6441504, at *5
23   (N.D. Cal. Dec. 9, 2013) (quoting McClurg v. Maricopa Cnty., No. 09-cv-1684-PHX, 2010 WL
24   3885142, at *1 (D. Ariz. Sept. 30, 2010)).  "Under Rule 15(a), '[i]f the underlying facts or
25   circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded
26   an opportunity to test his claim on the merits.'"  Id. (quoting Foman, 371 U.S. at 182).  Here,
27   Defendants have not presented "strong evidence" of futility, and the Court concludes that
28   Plaintiff's Second Amended Complaint sufficiently alleges a claim for copyright infringement.

5

1  See Sonoma Cnty. Ass'n, 708 F.3d at 1117.

### D. Bad Faith

Finally, Defendants contend that the futility of the sought amendment "evidences plaintiff's bad faith in seeking leave." ECF No. 68 at 7. Bad faith exists where "the plaintiff merely is seeking to prolong the litigation by adding new but baseless legal theories." Griggs, 170 F.3d at 881. In Defendants' view, Plaintiff's "baseless claims belie its true intentions . . . to increase its efforts to either put defendants out of business or otherwise acquire them." ECF No. 68 at 7.

Because Defendants' argument is premised on the futility of Plaintiff's proposed amendment and the Court has concluded that the amendment is not futile, the Court rejects the argument that the motion for leave to file a second amended complaint has been filed in bad faith.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to file a second amended complaint is granted. Plaintiff shall file its Second Amended Complaint within seven days from the date of this order.

IT IS SO ORDERED.

Dated: July 2, 2015

JON S. TIGAR
United States District Judge