RYAN W. KOPPELMAN (SBN 290704)
ryan.koppelman@alston.com
ALSTON & BIRD LLP
1950 University Avenue, 5th Floor
East Palo Alto, CA  94303
Telephone:     650-838-2000
Facsimile:     650-838-2001

DEEPRO R. MUKERJEE (*Admitted pro hac*)
deepro.mukerjee@alston.com
LANCE SODERSTROM (*Admitted pro hac*)
lance.soderstrom@alston.com
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016
Telephone:     212-210-9400
Facsimile:     212-210-9444

Attorneys for Plaintiff
LiveCareer Ltd.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LIVECAREER LTD., <br><br> Plaintiff, <br><br> v. <br><br> RESUME COMPANION LLC, and SU JIA TECHNOLOGIES LTD, dba RESUMEGENIUS.COM <br><br> Defendant. | Case No.  3:14-cv-03336-JST <br><br> **SECOND AMENDED COMPLAINT** <br><br> **(Jury Demand)** |

LiveCareer, Ltd., ("LiveCareer"), by its attorneys, Alston & Bird LLP, allege for its complaint as follows:

## NATURE OF CASE

1. This is an action seeking injunctive relief, damages, and attorneys' fees based upon (i) copyright infringement under the copyright laws of the United States, 17 U.S.C. § 101 *et seq.* and (ii) federal unfair competition and false designation of origin under 15 U.S.C. § 1125(a).

## PARTIES

2. LiveCareer, Ltd. is a corporation organized and existing under the laws of Bermuda, with its principal place of business at 21 Laffan Street, Hamilton, HM 09, Bermuda.

3. Upon information and belief, Defendant Resume Companion LLC is a company incorporated under the laws of Delaware which purports to have its principal place of business at 427 N Tatnall Street #95492, Wilmington, DE 19801-2230.

4. Upon information and belief, Defendant Su Jia Technologies Ltd., now known as RGO Resume Technologies Ltd., is a company with its principal place of business at Karpenision, 9 Strovolos, 2021, Nicosia, Cyprus.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 17 U.S.C. §101 et seq., and 28 U.S.C. §§ 1331 and 1338.

6. This Court has personal jurisdiction over Defendants for at least the following reasons: (i) Defendants have committed acts of copyright infringement and unfair competition in this State and this District; (ii) Defendants regularly do business or solicit business, engage in other persistent courses of conduct, and/or derive substantial revenue from the sale of products and/or services provided to individuals in this District and in this State through at least the fully interactive Internet websites Defendants own and operate; (iii) and Defendants have purposefully established substantial, systematic, and continuous contacts with this District and expects or should reasonably expect to be haled into court in this District. Thus, this Court's exercise of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice.

7. Venue in this District is proper under 28 U.S.C. §1391(b)-(c) and 28 U.S.C. §1400, in that the Defendants are subject to personal jurisdiction in this District.

### INTRADISTRICT ASSSIGNMENT

8. Pursuant to L.R. 3-5(b), this paragraph identifies "any basis for assignment to a particular location or division of the Court pursuant to L.R. 3-2(c)." This action is an "Intellectual Property Action" excepted under L.R. 3-2(c) and properly assigned on a district-wide basis. Thus, there is not any basis for an assignment of this case to a particular location or division.

### FACTUAL BACKGROUND

### LiveCareer's Rights in and to Certain Work and Websites

9. LiveCareer is a leading online destination for employment and professional services providing its users assistance with resumes, cover letters, and important career decisions.

10. LiveCareer was founded in 2004 and has over 10 million registered users.

11. LiveCareer owns and operates websites at the following addresses: www.livecareer.com, www.resume-now.com, and www.myperfectresume.com (the "LiveCareer Websites").

12. On July 10, 2014 and July 22, 2014, LiveCareer filed complete applications with the Registrar of Copyrights in the United States Copyright Office covering portions of the LiveCareer Websites www.livecareer.com, www.resume-now.com, and www.myperfectresume.com (the "Works"). Complete and correct copies of the applications are attached hereto as Exhibit 1 (D.E. 1-2 through 13).

13. The website www.livecareer.com went live at least as early as November 10, 2004. It provides consumers with online goods and services in the employment field. The website provides job seekers with award winning resume and cover letter creation tools as well as providing career tests and online interview tips.

14. The website www.resume-now.com went live at least as early as September 7, 2010. It provides consumers with online goods and services in the employment field similar to those provided through www.livecareer.com.

15. The website www.myperfectresume.com went live at least as early as October 26, 2012. This website allows job seekers to create and customize their resume using LiveCareer's resume designs.

16. LiveCareer has invested substantial time and resources in the look and feel of the LiveCareer Websites. These distinctive lay outs and designs are proprietary and exclusive to LiveCareer, have been used by LiveCareer for many years, and have become recognized by the public as coming from LiveCareer.

17. Since at least as early as 2011, LiveCareer has embedded advertisement images ("Ad Images") on third party websites to direct traffic to the LiveCareer Websites.

**Defendant's Unlawful Acts and Conduct**

18. Upon information and belief, Defendants are engaged in the business of helping job seekers create resumes and cover letters.

19. Upon information and belief, Defendant RGO Resume Technologies Ltd. owns, and Resume Companion LLC operates, the website www.resumegenius.com and RGO Resume Technologies Ltd. owns and operates the website www.resumecompanion.com (together, the "Infringing Sites").

20. Defendants are direct competitors with LiveCareer.

21. Upon information and belief, Defendants have copied significant portions of text from the LiveCareer Websites onto the Infringing Sites without the authorization of LiveCareer. Representative examples are attached hereto as Exhibit 2 (D.E. 1-14).

22. In addition to copying large portions of text *verbatim*, Defendants have also copied the layout and design of the LiveCareer Websites and uses these copied layouts and designs on the Infringing Sites.

23. Upon information and belief, Defendants have copied LiveCareer's Ad Images and have used those Ad Images on third party websites to direct traffic to the Infringing Sites. Representative examples of copied Ad Images are attached hereto as Exhibit 3.

24. Such wholesale and fulsome copying of the LiveCareer Ad Images goes past mere incidental similarity and thus inaccurately conveys a notion of association, authorization, or approval on behalf of LiveCareer to the consumer.

25. These copied Ad Images deceive consumers into believing they are being routed to LiveCareer Websites and services, when, in fact, they are utilized on third party websites to direct consumers to the Infringing Sites and Defendants' online services.

26. Defendants' use of nearly identical Ad Images directing traffic from a third party website to the Infringing Sites allows for Defendants to obfuscate the identity of the content provider that consumers are being directed to.

27. Upon information and belief, Defendants' acts of copying LiveCareer's copyrighted text, copying the look and feel of the LiveCareer Websites, and copying LiveCareer's Ad Images are intentional and willful.

28. The aforesaid acts of Defendants create a false association between Defendants and LiveCareer and otherwise are likely to cause customer confusion, mistake, or deception. In particular, customers of Defendants are likely to believe that Defendants' goods and/or services are authorized, sponsored or otherwise approved by LiveCareer, when in fact they are not. In addition, actual or potential customers of LiveCareer are likely to unintentionally visit or interact with the Infringing Sites when they intend to visit or interact with the LiveCareer Websites, and possibly under the further impression that they are in fact visiting or interacting with the LiveCareer Websites or a website that is associated therewith. Such confusion is likely to occur within the State of California and within this judicial district.

29. Defendants have commercially profited, and continue to commercially profit, both directly and indirectly, through their unauthorized copying of LiveCareer's Ad Images, LiveCareer's Works and the LiveCareer Websites, and LiveCareer has been and continues to be injured by Defendants' unlawful acts.

30. As a result of Defendants' unauthorized copying, Defendants have gained an unfair advantage with respect to LiveCareer's customers and potential customers.

31. Upon information and belief, Defendants' unauthorized copying of Plaintiff's Works, the LiveCareer Websites and LiveCareer Ad Images have and will continue to cause LiveCareer to lose sales to existing and to potential customers.

32. Defendants have acted willfully and with knowledge that the infringement would cause, and with the intent to cause confusion, mistake, and deception.

33. Defendants' unauthorized copying will tarnish the reputation of LiveCareer and LiveCareer's products and services.

34. Upon information and belief, through materials accessible through the Internet, Defendants have falsely stated that "92% of our users have received an interview request within 30 days of using our resume builder.  Try it yourself, it's free at https://resumegenius.com."

35. Upon information and belief, the actual percentage of users that receive an interview request within 30 days of using Defendants' resume builder is lower.

## COUNT I

## COPYRIGHT INFRINGEMENT

36. Plaintiff incorporates herein by reference each and every allegation contained in paragraphs 1–35, above.

37. For all of the Works at issue in this matter, Plaintiff has filed complete applications for registration of the Works with the United States Copyright Office, along with the requisite fees and deposit copies.  Plaintiff has also filed complete applications for registration of the Ad Images shown in Exhibit 3 with the United States Copyright Office, along with the requisite fees and deposit copies.  The applications cover registerable subject matter.

38. The unauthorized copying and distributing of LiveCareer's Works and LiveCareer's Ad Images by Defendants infringes Plaintiff's exclusive copyright interests in those Works and Ad Images.

39. Defendants have knowingly caused, participated in, materially contributed to, and derived economic benefit from the infringement of LiveCareer's copyright interests, and LiveCareer has been damaged and continues to be damaged thereby.

40. Defendants' aforesaid conduct has been and continues to be intentional, willful, deliberate, and with full knowledge of LiveCareer's copyright interests and the infringement thereof.

41. The aforesaid acts of Defendants have caused and will continue to cause damage in an amount to be determined at trial.

42. The aforesaid acts of Defendants have caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm, loss, and injury to LiveCareer for which LiveCareer has no adequate remedy at law.

## COUNT II
### FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
### 15 U.S.C. § 1125(a) (§ 43(a) of the Lanham Act)

43. Plaintiff incorporates herein by reference each and every allegation contained in paragraphs 1–35, above.

44. The aforesaid acts of Defendants are likely to cause confusion, mistake, or to deceive as to affiliation, connection, or association between Defendants and Plaintiff, or as to the origin of Defendants' goods or services or as to the approval or sponsorship of Defendants' goods or services by Plaintiff.

45. The confusion, mistake, or deception referred to herein arises out of the aforesaid acts of Defendants which constitute unfair competition, false designation of origin, false or misleading description of fact, or false or misleading representation of fact in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

46. The aforesaid acts were undertaken willfully and deliberately and with the intention of causing confusion, mistake, or deception.

47. The aforesaid acts of Defendants have caused and will continue to cause damage in an amount to be determined at trial.

48. The aforesaid acts of Defendants have caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm, loss, and injury to Plaintiff for which Plaintiff has no adequate remedy at law.

## JURY DEMAND

SECOND AMENDED COMPLAINT

Case No. 3:14-cv-03336-JST

Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

a)       For a preliminary and permanent injunction providing:

(i) Defendants, and their respective agents, employees, officers and directors, attorneys, successors, licensees, and assigns, and all those persons acting in concert and combination therein, shall be and hereby are enjoined from directly or indirectly infringing Plaintiff's Works, whether now in existence or later created, which are owned or controlled by Plaintiff (or any parent, subsidiary, or affiliate of Plaintiff);

(ii) Defendants, and their respective agents, employees, officers and directors, attorneys, successors, licensees, and assigns, and all those persons acting in concert and combination therein, shall be and hereby are enjoined from directly or indirectly infringing LiveCareer's rights in and to the LiveCareer Websites, whether now in existence or later created, which are owned or controlled by Plaintiff (or any parent, subsidiary, or affiliate of Plaintiff); and

(iii) Defendants, and their respective agents, employees, officers and directors, attorneys, successors, licensees, and assigns, shall deliver up for destruction all infringing materials, including all discs, drives, and other storage media that contain infringing copies of Plaintiff's intellectual property which are in Defendants' possession, custody, or control; and

b)       For an award to Plaintiff, at its election, of either:

(i) actual damages and all profits derived by Defendants as a result of their infringing activities, pursuant to 17 U.S.C. § 504(b), or

1  (ii) statutory damages in the maximum amount of $150,000 with respect to each of Plaintiff's copyrighted works registered in the United States, pursuant to 17 U.S.C. § 504(c); and

c)  For an award of such damages in an amount sufficient to compensate Plaintiff for losses it has sustained as a consequence of Defendants' unlawful acts, as well as profits attributable to Defendants' unlawful acts; and

d)  For an accounting for all profits derived by Defendants from its unlawful acts; and

e)  For an award to Plaintiff of its attorneys' fees and full costs; and

f)  For an award of treble damages to Plaintiff; and

g)  For such further relief as the Court may deem just and appropriate.

DATED: July 6, 2015            ALSTON & BIRD LLP

*/s/Ryan W. Koppelman*
RYAN W. KOPPELMAN (SBN 290704)
ryan.koppelman@alston.com
ALSTON & BIRD LLP
1950 University Avenue, 5th Floor
East Palo Alto, CA  94303
Telephone:     650-838-2000
Facsimile:      650-838-2001

DEEPRO R. MUKERJEE (*Admitted pro hac*)
deepro.mukerjee@alston.com
LANCE SODERSTROM(*Admitted pro hac*)
lance.soderstrom@alston.com
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016
Telephone:     212-210-9400
Facsimile:      212-210-9444

*Attorneys for Plaintiff LiveCareer Ltd.*

SECOND AMENDED COMPLAINT

Case No. 3:14-cv-03336-JST